## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LISA SALAS, as parent and next
friend of ORLANDO SALAS,

      Plaintiff,

vs.                                                                                    No. CIV 08-1184 JB/RLP

MATTHEW BRIGHAM, MARISA BEE,
TERRI RHUE, EMANUEL RODRIGUEZ,
and LUCY DeLUNA, each in their individual
capacity, and the BOARD OF COUNTY
COMMISSIONERS OF CURRY COUNTY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Report of the Guardian ad Litem, filed

December 17, 2010 (Doc. 282)("Report").  The Court held a hearing on December 20, 2010.  The

primary issue is whether the proposed settlement is adequate and promotes Orlando Salas' best

interest.  Because the Court finds that the proposed settlement is adequate and promotes O. Salas'

best interests, the Court will approve the proposed settlement.

## PROCEDURAL BACKGROUND

On December 23, 2008, O. Salas filed a Complaint for Civil Rights Violations, State Torts,

and Damages.  See Complaint for Civil Rights Violations, State Torts, and Damages, filed

December 23, 2008 (Doc. 1).  On June 8, 2009, O. Salas filed a motion, seeking to amend his

Complaint to add his mother, Lisa Salas, as a nominal plaintiff in her capacity as parent and next

friend, on the grounds that the Second Judicial District Court entered an order on February 5, 2009,

finding O. Salas to be incompetent.  See Plaintiff's Motion for Leave to File Amended Complaint,

filed June 8, 2009 (Doc. 24).  On July 30, 2009, the Court granted O. Salas' motion for leave to amend the Complaint.  See Order, filed July 30, 2009 (Doc. 37).  On August 6, 2009, L. Salas filed an Amended Complaint, listing herself as parent and next friend of O. Salas.  See Amended Complaint for Civil Rights Violations, State Torts, and Damages, filed August 6, 2009 (Doc. 41).  On September 9, 2010, L. Salas filed a Second Amended Complaint, which included additional allegations regarding O. Salas' detention at the Curry County Juvenile Detention Center.  See Second Amended Complaint for Civil Rights Violations, State Torts, and Damages, filed September 9, 2010 (Doc. 220).

Recently, the parties reached settlement.  At the time of the settlement, there were twenty-four motions pending before the Court.  These motions included the defendants' motions for summary judgment, a motion to strike the testimony of one of L. Salas' lay witnesses, and motions in limine.  The parties notified the Court that they had settled the matter, and jointly moved for the Court to appoint a guardian ad litem to advise the Court as to the "reasonableness and fairness of the settlement; and the manner in which the settlement monies will be held and/or used on behalf of Orlando Salas."  Joint Motion at 2.  The Court granted the joint motion on December 14, 2010.  See Doc. 281.

The parties propose settling all the claims in this matter for $450,000.00.  See Report at 4; Full Release of Liability & Settlement Agreement at 3, filed December 22, 2010 (Doc. 283-1).[1]  L. Salas' counsel accepted the case on a contingent fee basis, originally set at 35% of the total

---

[1] At the hearing, the Court ordered the parties to file the Release.  On December 22, 2010, the parties filed the Release with the Court.  The Release does not reference the Arc of New Mexico, however, the parties have represented to the Court and Mr. Hart that O. Salas' net recovery will be placed in a trust managed by the Arc of New Mexico.  If the terms of the settlement have materially changed from the terms identified to the Court and to Mr. Hart, the parties must inform the Court and Mr. Hart.

recovery, but as litigation progressed L. Salas and counsel agreed to raise the contingency amount to 40%. L. Salas' counsel's attorneys' fees therefore amount to $180,000. The 7% sales tax on the settlement amounts to $12,600.00, and costs for the matter amount to $25,337.48. After these deductions, O. Salas' net recovery is $232,062.52. See Report at 4. The settlement proposes placing O. Salas' net recovery in "a special needs 'pooled' trust managed by the Arc of New Mexico,[2] under a specifically approved charitable trust." Report at 4.

The court-appointed guardian ad litem, F. Michael Hart, filed a Report with the Court on December 17, 2010. In his Report, Mr. Hart found that the proposed settlement is in O. Salas' best interest. See Report at 1. In preparing the report, Mr. Hart reviewed the "significant pleadings from [the] litigation," expert witness disclosures and reports, police reports, L. Salas' counsels' costs bills, the settlement distribution statement, the trust arrangements, and interviewed O. Salas' parents and the trust officers at the Arc of New Mexico. See Report at 4. At the hearing, Mr. Hart reiterated the reasons that he believes support his finding that the proposed settlement is in O. Salas' best interest and further explained the trust arrangements.

## RELEVANT LAW REGARDING APPROVAL OF SETTLEMENT

New Mexico courts and federal courts have traditionally supervised settlements benefitting minors and incapacitated adults, reviewing the proposed settlement to ascertain whether the agreement promotes the best interest of the minor or incapacitated beneficiary. The New Mexico Legislature has provided that a guardian ad litem appearing on behalf of an incapacitated person "shall have the power to compromise the same and to agree to the judgment to be entered in the

---

[2] The Arc of New Mexico is a New Mexico not-for-profit corporation whose mission is to improve the quality of life for individuals with developmental disabilities. See First Amendment to the Arc of New Mexico Pooled Charitable Trust Also Called Master Trust 1 Executed on April 9, 1998, filed December 17, 2010 (Doc. 282-2).

action or proceeding for or against the protected person, <u>subject to the approval of the court in which</u> <u>the suit is pending</u>." NMSA 1978, § 38-4-16 (emphasis added). Similarly, rule 17(c) of the Federal Rules of Civil Procedures states that a court "must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). When a court reviews a settlement "dealing with claims or rights of [a minor or an incapacitated person], the court must determine whether the approval of a compromise would be in the best interests and welfare of the [minor or incapacitated person]." <u>Garcia v. Middle</u> <u>Rio Grande Conservancy Dist.</u>, 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983)(citing <u>United States v. Reilly</u>, 385 F.2d 225 (10th Cir. 1967)), <u>overruled on other grounds by Montoya v.</u> <u>AKAL Sec.</u>, 114 N.M. 354, 357, 838 P.2d 971, 974 (1992). A court is required to reject a settlement when it "is presented to [the] court for approval and the information before the court indicates that the settlement is not fair to the [minor or incapacitated person]." <u>Shelton v. Sloan</u>, 127 N.M. 92, 100, 977 P.2d 1012, 1020 (Ct. App. 1999). The Court's role is not to review the "adequacy of the performance of the [minor or incapacitated person's] attorney in reaching the agreement. Rather, it is [to] review[ ] the fairness of the agreement itself." <u>Shelton v. Sloan</u>, 127 N.M. at 100, 977 P.2d at 1020.

## **ANALYSIS**

The Court will approve the proposed settlement, because it finds that the proposed settlement is in O. Salas' best interests. The Court finds that the amount of proposed settlement is sufficient. In his Report, Mr. Hart stated that "the amount offered is within the range of probable jury verdicts, if L. Salas had overcome the pending motions for summary judgment, and if certain facts about [O.] Salas' history were effectively defused or otherwise kept from the jury." Report at 5. Mr. Hart came to this conclusion because incarcerated individual's claims are often difficult to prove at trial,

and verdicts are historically low, because L. Salas' witnesses were, to a large extent, subject to impeachment, because O. Salas' criminal history could erode the jury's sympathy, and because the damage analysis was subject to "significant dispute" on issues regarding the cause of O. Salas' emotional distress.  Report at 5.  The Court agrees with Mr. Hart that the amount offered is a fair amount.  At the time the parties informed the Court of the settlement, the Court was reviewing the Defendants' motions for summary judgment and drafting opinions on the motions.  The Court's current working draft of its Memorandum Opinion and Order on Defendants' Motion for Summary Judgment No. I: As to Counts VII, VIII, and IX Based on the Statute of Limitations, filed July 22, 2010 (Doc. 134), granted summary judgment on L. Salas' state-law claims.  Furthermore, as the Court expressed at the hearing on the Defendants' motions for summary judgment, the Court had some concerns about portions of L. Salas' federal claims.  The Court recognizes that there were difficulties in the case from both the Defendants' standpoint and from L. Salas' standpoint.  There were facts in this matter to which the jury could have reacted strongly.  This reaction could have been favorable to either the Defendants or to L. Salas.  For these reasons, and for reasons stated on the record at the hearing, the Court finds the amount of the settlement sufficient.

The Court also finds that the deductions -- specifically, the attorneys' fees, costs, and sales tax -- are fair.  L. Salas' counsel faced risk in taking this case.  Mr. Hart found that the proposed attorneys' fees were reasonable, "considering the risks inherent in the case, and the attorney's [sic] acceptance of all risk of an adverse outcome."  Report at 8. Mr. Hart stated that he believed "it unlikely [L. Salas] could have found other lawyers willing to accept the case under any terms." Report at 7.  The Court recognizes that lawyers are extremely cautious about taking cases similar to this case, because, often, an attorney runs the risk that his or her client will not recover despite the attorney's efforts.  And even with a successful civil rights case, the attorney often does no better

than an hourly rate for his or her services, thus taking significant risk with considerable downside and not much up side.  The Court therefore finds that L. Salas' attorneys' fees are reasonable.  The Court also does not find anything unusual or uncustomary with the proposed costs and sales tax.  The Court therefore finds that the total disbursement is fair to O. Salas.

The Court finds that the proposed settlement takes appropriate measures to protect the settlement proceeds for O. Salas.  The proposed trust, the Arc of New Mexico Pooled Charitable Trust, is approved under 42 U.S.C. § 1396p(d)(4)(C) "to accept settlements for disabled persons, and administer the trust benefits without impacting government benefits."  Report at 6.  In his report, Mr. Hart stated that the Arc of New Mexico is managed by professional trustees with appropriate training and education, and that the trust officers have a strong track record of managing trusts.  See Report at 6.  At the hearing, Mr. Hart informed the Court that the trust cannot be used to provide for O. Salas' food, shelter, clothes, medical treatment, psychological treatment, or other treatment already covered by Medicaid or Medicare.  O. Salas could, however, use the trust for support services, case management services, psychotherapy, group therapy, or other treatment that Medicaid does not cover.  O. Salas could also use the trust to assist himself in becoming semi-independent.  The Arc of New Mexico will assign a single trust officer to O. Salas, who will be primarily responsible for him.  If O. Salas and the trust officer disagree about a distribution, a three-person committee will review the disagreement and attempt to resolve it.  If the committee cannot resolve the disagreement, O. Salas can either use the Arc of New Mexico's internal review process or he can seek guidance from a district court.  The Arc of New Mexico is heavily regulated, insured, and is bonded separately.  The Court believes that the Arc of New Mexico provides a good structure for O. Salas and will provide him with the distributions he needs to become semi-independent while providing adequate measures to protect the settlement.  For these reasons and for reasons stated on

the record at the hearing, the Court finds that there are appropriate measures in place to protect the settlement proceeds for O. Salas' benefit.

The Court will approve the proposed settlement as being in O. Salas' best interests, because it finds that the amount of proposed settlement is sufficient and that there are appropriate measures in place to protect the proceeds for O. Salas' benefit.

**IT IS ORDERED** that the Court approves the parties' proposed settlement agreement as being in Orlando Salas' best interests.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Matthew Coyte
Coyte Law, P.C.
Albuquerque, New Mexico

-- and --

Adam S. Baker
Taos, New Mexico

   *Attorneys for the Plaintiff*

Daniel J. Macke
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendants Matthew Brigham, Terri Rhue, Emanuel Rodriguez, Lucy*
      *DeLuna, and Board of County Commissioners of Curry County*

Mary T. Torres
Beall & Biehler
Albuquerque, New Mexico

   *Attorney for Defendant Marisa Bee*